UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CRAIG JALBERT | CIVIL ACTION NO. 23-505 |
| VERSUS | JUDGE EDWARDS |
| RAYMOND JAMES & ASSOCIATES INC ET AL | MAG. JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Transfer Venue (R. Doc. 38) filed by the plaintiff, Craig Jalbert, in his capacity as Chapter 11 Trustee (the "Trustee") for German Pellets Louisiana, LLC ("GPLA") and Louisiana Pellets, Inc. ("Louisiana Pellets"). The defendants, Raymond James & Associates Inc., George Longo, and Danyal Sattar ("Defendants") have opposed the motion (R. Doc. 44), and the Trustee has replied (R. Doc. 45).

After careful consideration of the parties' memoranda and the applicable law, the Trustee's Motion to Transfer Venue is **DENIED**.

I.   BACKGROUND

The long history of this case is thoroughly recounted in the Magistrate Judge's prior Report and Recommendation at R. Doc. 35. Accordingly, we only address here the facts salient to the instant Motion. This case stems from the financial failure and resultant bankruptcy of GPLA and Louisiana Pellets, who owned and operated a wood pellet manufacturing facility in LaSalle Parish. R. Doc. 1-1 at 3-4. The appointed Chapter 11 Trustee filed the instant suit in state court, seeking redress

1

from: the officers of the venture, the sole member of GPLA, the venture's insurer, and actors involved in the financing of the venture. *Id.* at 3-42.

On April 18, 2023, the case was removed to this Court by the Defendants on the basis of diversity jurisdiction (R. Doc. 1). The Trustee then moved for remand (R. Doc. 17). The Magistrate Judge issued a Report and Recommendation to deny remand (R. Doc. 35), which this Court adopted (R. Doc. 46). On the same day that he objected to the Magistrate Judge's Report and Recommendation, the Trustee filed this Motion seeking transfer of the case to Judge David Joseph in the Lafayette Division of the Western District of Louisiana (R. Doc. 38).

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is the Trustee's burden to establish both that (1) venue is proper in the proposed transferee court and (2) that good cause exists for that transfer. 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008).

In determining whether the movant has clearly established good cause for the transfer, courts must consider:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (cleaned up). These factors "apply as much to transfers between divisions of the same district as to transfers from one district to another." *Cf. In re Radmax, Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013)

### III.   ANALYSIS

#### A. Proper Venue

For the first hurdle, we disagree with the Trustee's contention that venue is proper in the Lafayette Division. While it is true that venue is determined by district rather than division in *original* proceedings—rendering the Alexandria and Lafayette Divisions indistinguishable—the same is not true in removal cases. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644-45 (5th Cir. 1994) (citing 28 U.S.C. § 1446(a)); *cf. Keefer v. Weatherproofing Servs., LLC,* No. 2:23-CV-0021-JRG-RSP, 2023 WL 5166368 (E.D. Tex. June 20, 2023) (Payne, M.J.). Rather, "any civil action" sought to be removed from state court must be removed to "the district *and division* within which such an action is pending." 28 U.S.C. § 1446(a) (emphasis added). Accordingly, the Alexandria Division would be the only proper venue under §1446(a), as this case was removed from LaSalle Parish, which is within the Alexandria Division. *See* LR 77.3; R. Doc. 1. Further, the Trustee has provided no precedent suggesting that this rule bends for cases "related to a case under Title 11"—§1409 governs actions "commenced" by the Trustee in the federal courts, much like the actions "brought" under § 1391(b). 28 U.S.C. §1409(a); 28 U.S.C. §1391(b). "As removal statutes are strictly construed against removal," we decline to read out the divisional requirement of §1446(a) in favor of the approach suggested by the Trustee. *See Kreimerman,* 22 F.3d at 645; 28 U.S.C. § 1446(a).

3

### B. Good Cause

Even if venue were proper in the Lafayette Division, the Court finds that the Trustee has failed to "clearly establish good cause for transfer." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). "[T]o establish 'good cause,' a movant must show (1) that the marginal gain in convenience will be *significant*, and (2) that its evidence makes it plainly obvious—i.e., clearly demonstrated—that those marginal gains will *actually* materialize in the transferee venue." *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) (emphasis in original). Accordingly, and after considering the following factors, we find transfer unwarranted. *See id.* at 509.

*(1) The Relative Ease of Access to Sources of Proof*

This factor focuses on the location of "documents and physical evidence" relating to the case. *Volkswagen*, 545 F.3d at 316. "The location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Trustee identifies no documents or physical evidence he lacks to litigate this case. R. Doc. 45 at 4–5. As discovery is complete, this factor is neutral. *Id.* at 4.

*(2) The Availability of Compulsory Process*

This factor considers the "availability of compulsory process to secure the attendance of witnesses," particularly non-party witnesses whose attendance may require a court order. *Volkswagen*, 545 F.3d at 315-16. District courts have the authority to compel non-party witnesses "to attend a trial, hearing, or deposition" conducted "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The Trustee identifies no

4

witness who is unwilling to testify for which compulsory process is unavailable in the Alexandria Division. Accordingly, this factor is neutral and does not favor transfer.

### (3) The Cost of Attendance for Willing Witnesses

This factor considers the cost of attendance for willing witnesses. *Volkswagen*, 545 F.3d at 317. All potential material and relevant witnesses must be considered. *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765 (E.D. Tex. 2009). The Trustee argues that litigating this case in Lafayette would be less expensive because most of the witnesses will be required to travel by air to testify. R. Doc. 45 at 4–5. In making this argument, the Trustee cites Lafayette's closer proximity to the airports in Baton Rouge and New Orleans. *Id.* at 5. However, the Trustee fails to show an additional burden from using the commercial airports in Shreveport or Alexandria compared to other Louisiana airports. Regardless of whether this case is held in Alexandria or Lafayette, out-of-state witnesses will have to either travel by car from a larger airport such as Baton Rouge, Shreveport, or New Orleans, or fly directly to the smaller airports of Alexandria or Lafayette. Furthermore, the four Louisiana-based witnesses, who reside in the embrace of the Alexandria and Monroe Divisions, will have to "drive past the [Alexandria] courthouse" on their way to Lafayette. R. Doc. 44 at 12 (quoting *Matter of Mikes Hooks, LLC,* No. CV 6:20-0691, 2020 WL 7213519 at *3 (W.D. La. Dec. 7, 2020)). Accordingly, this factor weighs against transfer.

### (4) All Other Practical Problems

This factor considers "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen*, 545 F.3d at 315. The main contention that the Trustee makes in favor of transfer is Judge David Joseph's

"unique[] familiar[ity]" with the case. R. Doc. 38-1 at 7; *see* R. Doc. 45 at 6-7. The Trustee argues that Judge Joseph's single ruling on appeal from the related bankruptcy case made him "necessarily . . . familiar" with the facts relevant to this case. R. Doc. 45 at 7. Further, the Trustee asserts that "practical considerations of judicial economy favor transferring this case to [Judge Joseph] . . . rather than requiring this Division to repeat the efforts already made by the Lafayette Division." *Id.* The Court disagrees. The issues before Judge Joseph were confined to the contours of the Bankruptcy Plan and Confirmation Order in the related bankruptcy case. Judge Joseph did not reach the merits of the parties' claims which, as the Trustee admits, "will be well understood by a judge in any judicial district in Louisiana." *Id.* at 6. Further, this Court is familiar with the underlying facts and details of this case, having completed a *de novo* review of the Report and Recommendation on the Trustee's motion to remand. *See* R. Doc. 46. At bottom, we decline to transfer this case on the sole basis that another jurist once resolved an appeal of a related bankruptcy case. Accordingly, this factor is neutral and does not favor transfer.

*(5) The Administrative Difficulties Flowing from Court Congestion*

The focus of this factor is "not whether transfer will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *In re Genetech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009) (cleaned up). The instant case has not yet been set for trial. Further, as a newly appointed judge, the undersigned has more availability than the proposed transferee, Judge Joseph. Accordingly, this factor weighs against transfer.

6

*(6) The Local Interest in Having Localized Interests Decided at Home*

The local interest inquiry is concerned with the interest of non-party citizens in adjudicating the case. *Clarke*, 94 F.4th at 511. "To identify localized interests properly, '[courts] look not to the parties' significant connections to each forum but rather the significant connections between a particular venue and the events that gave rise to a suit.'" *Id.* (quoting *TikTok*, 85 F.4th at 364). First, the fact that the related bankruptcy case "was administered in Lafayette" is not grounds for transfer, especially considering that the bankruptcy case was originally filed in the Alexandria Division and is only in the Lafayette Division due to a recusal. R. Doc. 45 at 6; R. Doc. 44 at 7. Nonetheless, we agree with the Trustee that the interests of non-parties in this case are not confined to the Alexandria Division. R. Doc. 45 at 5-6. But by the same token, the Lafayette Division has no greater interest in this litigation than the Alexandria Division; thus, this factor is neutral.

*(7) The Familiarity of the Forum with the Law that will Govern the Case*

As admitted by the Trustee, this factor is rendered immaterial in an intra-district (or intra-state) transfer such as this. *See Williams v. City of Cleveland*, 848 F. Supp. 2d 646, 654 (N.D. Miss. 2012); R. Doc. 45 at 6. As the law in Alexandria is the law in Lafayette, this factor is neutral. *See, e.g, Radmax,* 720 F.3d at 289-90.

*(8) The Avoidance of Unnecessary Problems of Conflict of Laws*

For the same reasons as the seventh factor, and as neither party has identified any potential conflict of law, this factor is neutral.

In sum, the Court finds that two factors weigh against transfer, and six factors are neutral. Accordingly, the Trustee has failed to demonstrate that the destination

venue, the Lafayette Division, is "clearly more convenient than [Alexandria]." *In re Volkswagen*, 545 F.3d at 315.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Trustee's Motion to Transfer Venue (R. Doc. 38) is **DENIED.**

**IT IS FURTHER ORDERED** that the Trustee file any memoranda in opposition to the Motion for Summary Judgment (R. Doc. 24) within twenty-one (21) days after the docketing of the instant order, and that the Defendants file any reply memoranda in support of the Motion for Summary Judgment within seven (7) days from the date any opposition memoranda are filed.

**THUS DONE AND SIGNED** this 13th day of June, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**